IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02015-CMA

BRANDON JEWETT,
Plaintiff,

v.

AMERICAN NATIONAL PROPERTY & CASUALTY INSURANCE, a Missouri corporation,
Defendant.

---

### DEFENDANT'S BRIEF IN SUPPORT OF OBJECTION TO BASLER TURBO WITNESSES

---

Defendant American National Property & Casualty Insurance ("Defendant"), by and through its attorneys, Treece Alfrey Musat P.C., hereby submits this Brief in Support of Objection to Basler Turbo Witnesses stating as follows:

In light of the anticipated testimony set forth in Plaintiff's Motion for Video Conference Testimony, Doc. No. 47, and pursuant to F.R.C.P. 37, this brief is submitted in support of Defendant's Objection to the testimony of Basler Turbo Witnesses.

### WITNESSES OBJECTED TO

1. Joe Varkoly
2. Randall Myers

### SUMMARY

Plaintiff seeks to have two witnesses, both employees of Basler Turbo, testify "to substantiate the cost of repair estimates." Pls. Mot. for Video Conference Testimony, Doc. No. 47, p. 2, ¶ 4.

First, Plaintiff did not disclose Mr. Varkoly until after discovery cutoff. Second, neither

witness has been designated as an expert as required by F.R.C.P. 702 in order to give testimony regarding the cost to repair the subject airplane. For both these reasons, Defendant objects to the testimony of these witnesses at trial.

## BACKGROUND

1. Affirmative Expert Disclosures were due on March 31, 2020. *See* Sch. Ord., Doc. No. 30, p. 6, ¶ 9(d)(3).

2. Plaintiff did not disclose Mr. Varloky as a witness in this matter until February 11, 2021. *See* Pls. Supp. Discl., attached hereto as **Exhibit A.**

3. Plaintiff did not disclose the document Mr. Varloky is to testify about until January 14, 2021. *See* Pls. Supp. Discl., attached hereto as **Exhibit B**, and Pls. Mot. for Video Conference Testimony, Doc. No. 47-2.

4. Mr. Randall Myers was timely disclosed as a witness but was never disclosed under F.R.C.P. 26(a)(1) as having any information regarding the cost to repair the aircraft. *See* Pls. Initial. Discl., p. 3, ¶ 8.

5. The totality of Mr. Myers disclosure was: "Randy Myers of Basler Turbo Conversions, LLC, 255 W. 35th Avenue, P.O. Box 2305, Osh Kosh, WI 54903-2305, 920-236-7820. Mr. Myers personally inspected the DC-3 aircraft in July of 2018, following the damage. He also has information regarding the initial restoration of the DC-3 aircraft involved in this dispute." *Id., see also* Final Pre-trial Order, p. 4.

6. Plaintiff did not disclose the document Mr. Myers is to testify on until it was included in the Motion for Video Conference Testimony. Pls. Mot. for Video Conference

Testimony, Doc. No. 47-1.[1]

    7.    Neither of these witnesses have been designated as experts by Plaintiff.

## DISCUSSION

### A. Mr. Varloky was not timely disclosed as a witness

Mr. Varloky was not disclosed as a witness in this matter until less than a month before trial. The document Mr. Varloky is to testify on was not disclosed until less than 2 months before trial. As F.R.C.P. 37(c)(1) provides:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Here, Defendant has not been afforded an opportunity to conduct any discovery concerning Mr. Varloky and his alleged repair estimate. Accordingly, Mr. Varloky should not be permitted to testify.

### B. Mr. Myers was not properly disclosed as a witness

Mr. Myers was only disclosed as having information regarding an inspection of the aircraft and information concerning the initial restoration of the aircraft (before the alleged damage occurred). Mr. Myers was not designated as having information relating to the reasonable cost to repair the damages caused by the hail storm. Therefore, Mr. Myers should not be permitted to testify.

Moreover, as stated below, any testimony of Mr. Myers concerning the current cost to

---

[1] Defendant notes that it did receive what appears to be a copy and paste of certain portions of this document into another email sent by Plaintiff to Defendant. However, Mr. Myers cannot testify concerning this hearsay.

repair the aircraft should be considered an expert opinion which has not been properly disclosed in this matter.

C. **The opinions sought to be elicited from these witnesses is the subject of expert testimony**

The complexity of calculating the cost to repair an aircraft cannot be properly presented by lay testimony. The testimony of a witness not qualified as an expert is severely limited to the following forms: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) <u>not based on scientific technical or other specialized knowledge</u> within the scope of Rule 702. Fed. R. Evid. 701 (2014) (<u>emphasis</u> added). A party cannot offer *de facto* expert testimony under the guise of presenting lay witness testimony. *James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1216 (10th Cir. 2011) (lay testimony improper when attempting to testify regarding calculation beyond basic mathematics). The witness must be qualified as an expert when the subject matter of proffered testimony is scientific, technical, or otherwise specialized. *United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th Cir. 2011).

A lay witness cannot opine as to the reasonable cost to repair an aircraft. Expert testimony is needed here because the issue of repair cost does not lie within the ambit of common knowledge of ordinary persons. *Park Rise Homeowners Ass'n,* 155 P.3d 427, 430 (Colo. App. 2006). The reasonable cost to repair the aircraft must be based upon specialized knowledge of the aviation industry. The procedure and resultant cost to re-skin wings, repair or replace deicing boots, and remove wings of aircraft is not within the common knowledge of ordinary people.

The opinions of these two employees to "substantiate the cost of repair estimates" would be prejudicial to Defendant as impermissible expert testimony. Defendant does not know the background, experience, or qualifications of these individuals to opine as to the cost to repair.

Further, any lay witness testimony permitted to introduce alleged repair estimate documents would lead to impermissible speculation by the jury. F.R.E. 701 states, "if the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are ... (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.E. 701. These employees cannot testify to the cost of the repairs as such testimony cannot be elicited without a foundation requiring specialized knowledge.

Considering the valuation of damages to an aircraft requires a specialized and technical expert, Plaintiff should be precluded from using lay testimony from Basler Turbo to introduce alleged repair costs,

Respectfully submitted this 22nd day of February, 2021.

> *s/ Kathleen J. Johnson*
> Kathleen J. Johnson, Reg. No. 44524
> TREECE ALFREY MUSAT P.C.
> 633 17th Street, Suite 2200
> Denver, Colorado 80202
> Telephone: (303) 292-2700
> FAX: (303) 295-0414
> Email: kjohnson@tamlegal.com
> *Attorney for Defendant American National Property & Casualty Co.*

# CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of February, 2021, a true and correct copy of the foregoing was electronically transmitted to the following by email:

Kelly B. Campbell, Atty. Reg. No. 23950
KELLY B. CAMPBELL, P.C.
501 S. Cherry St., Ste. 610
Denver, Colorado 80246
kbc@kbcpclaw.com
*Attorney for Plaintiff*

And

Daniel Schendzielos, Atty. Reg. No. 22542
8547 E. Arapahoe Rd., J534
Greenwood Village, CO 80112
Telephone (303) 330-1234
denverdaniel@gmail.com
*Attorney for Plaintiff*

                                                *s/ Victoria Reimche*
                                                Victoria Reimche