IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02015-CMA

BRANDON JEWETT

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY & CASUALTY INSURANCE, a Missouri corporation,

    Defendant.

## PLAINTIFF'S BRIEF RESPONDING TO DEFENDANT'S OBJECTION TO BASLER TURBO WITNESSES

The Plaintiff, by and through his attorneys, Kelly B. Campbell, P.C. and Daniel Schendzielos, hereby responding to Defendant's Brief Objecting to the Basler Turbo Witnesses as follows:

### I. RANDY MYERS' DISCLOSURES

1. Mr. Myers was disclosed in Plaintiff's Initial Disclosures on September 30, 2019.

2. In that disclosure, Mr. Myers was identified as a witness who inspected the plane for damages in July 2018. See, Plaintiff's Disclosures, attached as Exhibit A. I., para. 8.

3. Mr. Myers' findings, specifically the cost of repair, were set forth in correspondence by the undersigned on March 26, 2019 to Mr. David Jones, the claims administrator for the Defendant American National Property and Casualty, which correspondence appears in the ANPAC claims file and is represented in Defendant's disclosures, bates stamped ANPC 00037-39. See, Defendant's Disclosures, attached as Exhibit B.

1

4. In that correspondence of March 26, 2019, ANPC 00037-39, Mr. Myers' damage repair estimates are mentioned in detail, items 1 through 6 at page ANPC 000038-39, see Exhibit B.

5. The source of those estimates was disclosed as an e-mail communication found in Plaintiff's Initial Disclosures of September 30, 2019 at bates stamp plaintiff's 22-23. See attached Exhibit A.

6. Defendant suggests the Exh. A attached hereto as Exhibit A-1 to Plaintiff's Motion for Mr. Myers to testify by remote process was undisclosed. This is incorrect.

7. The header from the e-mail which summarizes Mr. Myers findings has Mr. Myers greeting, giving the date of his response. Plaintiffs Initial Disclosures, pp. 22-23 begins with the summary of findings after the greeting from Mr. Myers. However, the greeting appears at Defendant's Initial Disclosures at ANPC 0046. For whatever reason, Defendant's disclosed copy omits the summary of Mr. Myers findings that follow.

8. The material attached to Plaintiff's Motion for Mr. Myers' remote testimony is, essentially, the sum of Plaintiff's disclosures pp. 22-23 and Defendant's disclosures ANPC 0046. How the documents parsed the greeting from the body of the text appears to be a photocopying error. The fact remains the substance of the communication which forms Mr. Myers' basis for testimony was disclosed at the Initial Disclosure stage.

II. DEFENDANT OBJECTS TO MR. MYERS ON TWO BASES:

A) Alleged lack of disclosure of Mr. Myers' damage calculations; and

B) Lack of expert disclosure under F.R.C.P. 26(a)(2). These are addressed in turn.

A) Alleged Lack of Disclosure

As shown above, Mr. Myers was timely disclosed as a person employed at Basler Turbo Conversions, LLC, with discoverable information, including specific reference to his examination of the damage to the aircraft in July 2018. See Exhibit A Plaintiff's Initial Disclosures, I., para. 8. Moreover, Mr. Myers' findings were disclosed from their source, Exh. A Plaintiff's 22-23 attached to, and discussed in detail in correspondence found in the claims file, disclosed by Defendant, ANPC 00038-39, Exh. B.

The purpose of F.R.C.P. 26(a)(1) is to "…indicat[e] briefly the general topics on which such persons have information [that] should not be burdensome, and will assist other parties in deciding which depositions will actually be needed". 1993 Committee comment. Subsequent comments have not materially altered the summary scope of these disclosures. Plaintiff has given notice of Basler's estimate and Defendant cannot now claim surprise.

As demonstrated above, Mr. Myers was identified, and the nature of his knowledge regarding damages was further disclosed by actual documents. Plaintiff provided Mr. Myers contact information in his Disclosures. Defendant chose not take Mr. Myers' deposition and should not be heard to complain now. Plaintiff submits this notice complies with Fed. R. Civ. P. 26(a)(1) and dispenses with Defendant's first basis for objection.

B) Lack of Expert Disclosure under Fed. R. Civ. P. 26(a)(2)

Mr. Myers is a "percipient fact witness". A percipient fact witness is one whose opinion is formed as part of an *ongoing sequence of events* and that opinion is arrived at during those events. *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st. Cir. 2011).

The fact a percipient fact witness is an expert is not controlling. Expert testimony requirements of Fed. R. Civ. P. 26(a)(2) do not require reports from percipient fact witnesses,

3

even if they possess expertise, or specialized knowledge beyond a layperson's. *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st. Cir. 2003).

While this may appear in conflict with F.R.E. 702 and Fed. R. Civ. P. 26(a)(2), the *Downey* court reasoned: "In order to give the phrase 'retained or specially employed' any real meaning, a court must acknowledge the difference between a percipient fact witness who happens to be an expert and an expert who without prior knowledge of the facts giving rise to litigation is recruited to provide expert opinion testimony. It is this difference, we think, that best informs the language of the rule." [Fed. R. Civ. P. 26(a)(2)] *Downey* at 6.

Such is the case here. Mr. Myers gained his knowledge, and formed his opinion regarding the cost of repair as part of the ongoing sequence of events within approximately 30 days of the loss. See, Plaintiff's Disclosure, I., para. 8, Exh. A.

Mr. Myers was part of the attempts to define and resolve the loss. The circumstances are strikingly similar to the facts applied by Magistrate Bruce McGiverin where an expert inspected a loss by fire to a ship, and testified as an expert as to the damage without disclosure under Fed. R. Civ. P. 26(a)(2), or an accompanying report. Although a Federal Rules Decision by a Magistrate, it is a concise discussion of the issue and that brief opinion is attached as Exh. C for the Court's ease of reference.

The *Downey* decision addresses the same application of the Rules concerning percipient fact witnesses that attend Mr. Myers testimony. The *Downey* court's rationale on this issue has been adopted in various Federal courts including: *Indianapolis Airport Auth. v. Travelers Property Casualty Co. of Am.*, 849 F.3d 355 (7th Cir. 2017) (technical representative of business owner and construction manager could testify as to extent of damages perceived in the course of

their duties); *American Property Const. Co. v. Sprenger Lang Foundation*, 274 F.R.D. 1 (D.D.C. 2011) (construction contractors could testify as hybrids based on their factual observations and professional analyses rendered during project); *Full Faith Church of Love W. Inc. v. Hoover Treated Wood Prods., Inc.* No. 01 Civ. 2597, 2003 WL 169015, at *2 (D. Kan. Jan. 23, 2003) (no expert report required where general contractors' testimony based on "facts learned during the course of their work as general contractors" including the scope of the problem and he purpose and reasonableness of repairs); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07 Civ. 947, 2009 WL 113 9575, at *4-5 (M.D. Fla. Apr. 27, 2009) (no expert report required of replacement contractor where testimony limited to information obtained and opinions formed in his role as a contractor)

In the three locations in the disclosures where Mr. Myers' testimony is presented, he is identified as an inspector of the airplane in the ongoing sequence of events in July of 2018 at Oshkosh WI, Plaintiff's Initial Disclosures, I., para. 8,; he responds to specific interrogatives as to his damage estimates, Plaintiffs 22-23, Exh. A; and those findings are restated in the ANPAC claims file at ANPC 000037-38, Exh. B. Whatever formal variations may exist with respect to Fed. R. Civ. P. 26 (a) (2) (C), those variations are harmless as the substance and basis of Mr. Myers testimony was disclosed at the Initial Disclosure stage of the proceedings.

Mr. Myers is a percipient fact witness who has expertise gained in the ongoing sequence of events. Some courts, notably, *Indianapolis Airport, supra* at 370-71, denote such witnesses as hybrid fact/expert witnesses. Mr. Myers fits squarely in this niche, and his testimony regarding his examination of the plane and repair cost opinion should not be excluded.

### III. JOSEPH VARKOLY'S TESTIMONY AND INVOICE DISCLOSURE

The disclosures made relative to Mr. Joseph Varkoly were made pursuant to Fed. R. Civ. P. 26(e), as supplements of additional information which came into the possession of the Plaintiff.

Defendant's recitation of the time of disclosures is substantially correct. Mr. Varkoly was disclosed in response to Mr. Myers' retirement from Basler Turbo Conversions LLC. On or about October 30, 2020, based upon the business records maintained at Basler Turbo Conversions LLC, Mr. Varkoly produced an updated cost of repair estimate predicated upon the items identified by Mr. Myers previously. See Exh. B to Plaintiffs Stipulated Motion for Video Conference Testimony of Joe Varkoly and Randy Myers attached hereto as Exh. D. Upon receipt of that invoice, it was disclosed as a supplement to F.R.C.P. 26(e) and Mr. Varkoly, the representative of Basler Turbo Conversions LLC, was denominated as the person associated with that quote.

Any testimony proffered by Mr. Varkoly would be predicated upon the original data compilations and summary of Mr. Myers' cost estimates, but merely updated for current cost of repair. Mr. Varkoly's testimony is anticipated to encompass the items identified for repair in Plaintiff's Initial Disclosures concerning Mr. Myers' July 2018 evaluation of the subject 1943 Douglas DC-3 aircraft N26541.

The disclosure of Mr. Varkoly and the October 30, 2020 invoice occurred timely, and in compliance with F.R.C.P. 26(e) as a supplement to previously disclosed information.

## IV. CONCLUSION

Both Mr. Myers and Mr. Varkoly are "percipient fact witnesses." The crux of the matter is that American National Property & Casualty Insurance has known about Basler Turbo's ("Basler") inspection and estimate of the costs of repairs to the DC3 since September 30, 2019 when an employee (Myers) prepared in the normal course of business the Basler estimate of damages Plaintiff seeks to put into evidence. Either Mr. Myers who was an employee in 2019 or Mr. Varkoly, who is now an employee of Basler are able to testify as to the estimate given by Basler to complete the subject repairs. Under the weight of all the evidence, the disclosures made by Plaintiff, and the authority announced in *Downey, Gomez, Indianapolis Airport, Sprenger Lang, Full Faith Church*, and *Goodbys Creek, LLC*, their testimony should be allowed.

Respectfully submitted this 25th day of February, 2021.

KELLY B. CAMPBELL, P.C.

By: *s/Kelly B. Campbell*
5290 DTC Pkwy., Ste. 150
Greenwood Village, CO 80111
Phone: (303) 773-2517
Fax: (303) 399-4680
Email: kbc@kbcpclaw.com

and

SCHENDZIELOS & ASSOCIATES, LLC

By: *s/Daniel J. Schendzielos*
8547 E. Arapahoe Rd., Ste. 534
Greenwood Village, CO 80112-1436
Phone: (303) 773-6600
Fax: (303) 957-2382
Email: denverdaniel@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of February, 2021, I caused to be served, via ICCES, a true and correct copy of the above and foregoing, PLAINTIFF'S BRIEF RESPONDING TO DEFENDANT'S OBJECTION TO BASLER TURBO WITNESSES on the following:

Robert J. Zavaglia, Jr.
Kathleen J. Johnson
Treece Alfrey Musat P.C.
633 17th Street, Suite 2200
Denver, CO 80202
kjohnson@tamlegal.com

*s/Carolyn J. Neubert*