IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-02015-CMA-STV

BRANDON JEWETT,

    Plaintiff,

v.

AMERICAN NATIONAL PROPERTY & CASUALTY INSURANCE,

    Defendant.

## ORDER SUSTAINING DEFENDANT'S OBJECTION TO BASLER TURBO WITNESSES

This matter is before the Court on Defendant's Brief in Support of Objection to Basler Turbo Witnesses ("Objection") (Doc. # 51), wherein Defendant American National Property & Casualty Insurance ("Defendant") seeks to preclude lay testimony from Joe Varkoly or Randall Myers on the valuation of damages to the DC3 Aircraft N25641 ("Airplane") at issue in this case. Plaintiff filed a Response to the Objection (Doc. # 54), and Defendant filed a Reply (Doc. # 55). For the following reasons, the Court sustains Defendant's Objection, precludes Mr. Varkoly from testifying at trial, and limits Mr. Myers's admissible testimony to his personal observations of the Airplane.

### I. BACKGROUND

It is undisputed that Plaintiff failed to disclose either Mr. Myers or Mr. Varkoly as expert witnesses in this case under Fed. R. Civ. P. 26(a)(2). *See* (Doc. ## 32–33).

Affirmative expert disclosures were due on March 31, 2020. (Doc. # 30.)

With respect to Mr. Myers, during the claims process that preceded this action, counsel for Plaintiff sent Defendant a letter dated March 29, 2019 that summarized correspondences received from Mr. Myers concerning estimates of repairs to the Airplane. (Doc. # 54-3 at 6–9.) Following the initiation of this action, Plaintiff timely disclosed Mr. Myers as a witness in Plaintiff's Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). (Doc. # 54-1 at 3.) Plaintiff disclosed Mr. Myers as a person likely to have discoverable information as follows:

> Randy Myers of Basler Turbo Conversions, LLC, 255 W. 35th Avenue, P.O. Box 2305, Osh Kosh, WI 54903-2305, 920-236-7820. Mr. Myers personally inspected the DC-3 aircraft in July of 2018, following the damage. He also has information regarding the initial restoration of the DC-3 aircraft involved in this dispute.

(*Id.*) Plaintiff also listed in his Initial Disclosures an "[e]mail from Brandon Jewett to Randy Myers dated December 28, 2018 at 12:18 a.m. (bate-stamped Plaintiff's 22-23)[.]" See (*id.* at 4); see also (Doc. # 54-1 at 8–9 (email as disclosed by Plaintiff)).

Plaintiff did not disclose Mr. Varkoly as a witness in this matter until February 11, 2021, almost a year after the expert disclosure deadline. (Doc. # 51-1 at 1.) Plaintiff did not disclose the document that is the subject of Mr. Varkoly's anticipated testimony—an itemized quote for repairs to the Airplane from Basler Turbo Conversion, LLC—until about January 14, 2021. See (Doc. # 51–2). The itemized quote is dated October 30, 2020, and provides updated repair costs based on Mr. Myers's inspection of the Airplane in July 2019. (Doc. # 47-2 at 1.)

2

## II.  DISCUSSION

### A.  APPLICABLE LAW

The admissibility of lay opinion testimony and expert opinion testimony is governed by Fed. R. Evid. 701 and 702, respectively. Pursuant to Rule 701,

> [i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) **not based on scientific, technical, or other specialized knowledge within the scope of Rule 702**.

Fed. R. Evid. 701 (emphasis added). Pursuant to Fed. R. Evid. 702,

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The purpose of Rule 701(c), which bars lay opinion testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702, "is to prevent parties from presenting expert opinion evidence in the guise of lay opinion testimony and thereby evade the disclosure requirements of Rule 26(a)(2) and the gatekeeping role of the trial court." *HM Hotel Properties v. Peerless Indem. Ins. Co.*, No. CV12-0548

PHX-DGC, 2013 WL 4507602, at *3 (D. Ariz. Aug. 23, 2013), *aff'd,* 624 F. App'x 520 (9th Cir. 2015) (first citing Fed. R. Evid. 701 advisory committee's note (2000); then citing *PacificCorp. v. Nw. Pipeline GP,* 879 F.Supp.2d 1171, 1201 (D. Or. 2012); then citing *Kajer v. HGN, Inc.,* No. 206–CV–001030–KJD–PAL, 2010 WL 1052211, at *4–5 (D. Nev. Mar. 19, 2010)).

A party cannot offer *de facto* expert testimony under the guise of presenting lay witness testimony. *James River Ins. Co. v. Rapid Funding, LLC,* 658 F.3d 1207, 1216 (10th Cir. 2011) (lay testimony improper where testimony required calculations beyond basic mathematics). Instead, the witness must be qualified as an expert when the subject matter of proffered testimony is scientific, technical, or otherwise specialized. *United States v. Yeley-Davis*, 632 F.3d 673, 684 (10th Cir. 2011) (citations omitted). Expert testimony is needed only where the issue does not lie within the ambit of common knowledge of ordinary persons. *See, e.g., Am. Family Mut. Ins. Co. v. Allen,* 102 P.3d 333 (Colo. 2004).

Fed. R. Civ. P. 26 governs required disclosures, including initial disclosures (Rule 26(a)(1)), required supplements thereof, and expert disclosures (Rule 26(a)(2)). Under Fed. R. Civ. P. 37(c)(1),

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

**B.   ANALYSIS**

1.   <u>Mr. Myers</u>

Mr. Myers's anticipated testimony clearly requires scientific, technical, or

otherwise specialized knowledge and is, therefore, inadmissible lay testimony under Rule 701(c). Plaintiff intends to call Mr. Myers to testify to the following steps necessary to repair the damage to the Airplane, as well as the costs of making such repairs:

- recover and overhaul frames to include two elevators and two ailerons;
- reskin tops of fuselage, wings, and horizontal stablilizers;
- remove and replace all wing and empennage deice boots;
- repaint and polish as required; and
- provide a flight crew to deliver the aircraft from Denver, Colorado, to Oshkosh, Wisconsin, and return the aircraft to Denver after repairs.

*See* (Doc. # 54-2 at 2). Various courts have recognized "that the expertise required to determine sophisticated repair costs falls under Rule 702, not Rule 701." *See, e.g., HM Hotel Properties*, 2013 WL 4507602, at *4 (excluding evidence of cost of repairs to the plaintiff's roof on the basis that such opinions constituted specialized knowledge and the plaintiff had failed to disclose the witness as an expert or provide an expert report), *aff'd,* 624 F. App'x 520 (9th Cir. 2015) (citing *Wickman v. State Farm Fire & Cas. Co.*, 616 F.Supp.2d 909, 920–21 (E. D. Wis. 2009)); *Nesavich v. Auto-Owners Ins. Co.*, No. 16-CV-01493-PAB-STV, 2018 WL 3729513, at *5–6 (D. Colo. Aug. 6, 2018) (excluding opinions concerning the cause of property damage and need for replacement of various parts as improper lay opinion testimony where the plaintiff had failed to disclose the witnesses as experts). In this case, Mr. Myers's opinions qualify as scientific, technical, or otherwise specialized testimony that does not lie within the ambit of common knowledge of ordinary persons. *See Am. Family Mut. Ins. Co.,* 102 P.3d

5

333. Accordingly, his opinions are improper lay testimony under Rule 701, and Plaintiff's failure to disclose Mr. Myers as an expert witness renders his opinion testimony inadmissible.

Plaintiff contends that he did not need to disclose Mr. Myers as an expert witness because Mr. Myers is a "percipient fact witness"—i.e., a witness who formed his expert opinions during the sequence of events that led to litigation, as opposed to a witness who formed his expert opinions for the purpose of litigation. In so arguing, Plaintiff relies exclusively on authority that is not binding on this Court. *See* (Doc. # 54 at 3–5) (citing, *e.g.*, *Downey v. Bob's Discount Furniture Holdings, Inc.,* 633 F.3d 1 (1st Cir. 2011)); *see also Scholl v. Pateder*, No. 09-CV-02959-PAB-KLM, 2011 WL 2473284, at *4 n. 2 (D. Colo. June 22, 2011) (recognizing that *Downey*, 633 F.3d 1, is not controlling authority in this Circuit). Moreover, the bulk of case law upon which Plaintiff relies is inapposite because it considered whether an expert report was required under the circumstances, rather than whether designation as an expert was necessary. This includes the only case within this Circuit that Plaintiff cites to, *Full Faith Church of Love W., Inc. v. Hoover Treated Wood Prod., Inc.*, No. CIV.A. 01-2597-KHV, 2003 WL 169015, at *1 (D. Kan. Jan. 23, 2003), which considered whether the testimony of two witnesses designated as experts should be excluded for failure to provide written expert reports. Notably, Plaintiff has failed to cite to any authority binding on this Court that excuses a litigant from designating an expert witness altogether, whether or not the witness's expert opinions were formulated prior to the litigation. Accordingly, the Court declines to admit Mr. Myers's undisclosed expert opinions on the basis that he is a percipient fact witness.

Plaintiff has not established that his failure to disclose Mr. Myers as an expert witness was substantially justified or harmless under Fed. R. Civ. P. 37(c)(1). To the contrary, the Court finds that Defendant was harmed by Plaintiff's failure because it deprived Defendant of the opportunity to depose Mr. Myers **as an expert** or to produce a counter-expert.

The Court is not satisfied that this harm was mitigated by Plaintiff's initial disclosure of Mr. Myers under Rule 26(a)(1)(i). Plaintiff disclosed Mr. Myers as an individual likely to have discoverable information concerning (1) his personal inspection of the Airplane in July of 2018, following the hail storm, and (2) the initial restoration of the Airplane, which predated the events at issue in this case. Plaintiff's initial disclosure of Mr. Myers did not mention costs of repairs to the Airplane. Nor is the Court satisfied that the harm to Defendant was mitigated by Plaintiff's letter to Defendant during the claims process that preceded this litigation, which summarized correspondences received from Mr. Myers concerning estimates of repairs to the Airplane. Both Plaintiff's initial disclosure of Mr. Myers and the aforementioned letter were insufficient to put Defendant on notice that Plaintiff intended to call Mr. Myers to provide specialized testimony regarding the costs of repairs to Plaintiff's Airplane in this case.

For the foregoing reasons, Mr. Myers is permitted to testify as to his personal observations of the Airplane, but he is not permitted to provide opinion testimony as to costs of repairs to the Airplane or Plaintiff's damages because such testimony is based on specialized knowledge.

### 2. Mr. Varkoly

Plaintiff failed to disclose Mr. Varkoly until after the discovery cutoff in this case. Consequently, Defendant has not been afforded an opportunity to conduct any discovery concerning Mr. Varloky or his alleged repair estimate. Defendant would, therefore, be prejudiced if Mr. Varkoly were permitted to testify at trial.

Additionally, Plaintiff failed to designate Mr. Varkoly as an expert witness. Like Mr. Myers, Mr. Varkoly's anticipated testimony relies on scientific, technical, or otherwise specialized knowledge—i.e., valuation of damages to an airplane. Mr. Varkoly's testimony also relies on Mr. Myers's inadmissible opinion testimony in that it provides a "cost update" of Mr. Myers's initial calculations of Plaintiff's necessary repairs. Plaintiff's failures to timely disclose or designate Mr. Varkoly as an expert witness warrant preclusion of his testimony at trial altogether.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Brief in Support of Objection to Basler Turbo Witnesses (Doc. # 51) is SUSTAINED. Joe Varkoly is hereby precluded from testifying at trial in this matter. Randall Myers is precluded from offering opinion testimony on the valuation of damages to the DC3 Aircraft N25641 at issue in this case. Mr. Myers is permitted to testify as to his personal observations of the Airplane.

DATED:  March 1, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge